09-2560-cv
Chen v. City of Syracuse

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19ᵗʰ day of July, two thousand ten.

PRESENT: DENNIS JACOBS,
                          **Chief Judge**,
          RICHARD C. WESLEY,
          DENNY CHIN,
                          **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - -X
Ling-Rong Chen,
          **Plaintiff-Appellant**,

          **-v.-**                                    09-2560-cv

City of Syracuse, Joseph Reilly,
Syracuse Police Officer, and Henry
Burns, Syracuse Police Officer,
          **Defendants-Appellees**,

John Does, Fictitious Names Intended
to be Police Officers, Employees of
the City of Syracuse Police Department
each individually and as Police
Officers of the City of Syracuse
Police Department, and Mark Kleist,
          **Defendants**.
- - - - - - - - - - - - - - - - - - - -X

**APPEARING FOR APPELLANT:**     JOSEPH S. COTE, Cote, Limpert & Van Dyke, LLP, Syracuse, NY.

**APPEARING FOR APPELLEES:**     JESSICA M. McKEE (Mary Anne Doherty, <u>on the brief</u>), Office of the Corporation Counsel, City of Syracuse, Syracuse, NY.

Appeal from a judgment of the United States District Court for Northern District of New York (McCurn, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff, Ling-Rong Chen, appeals from a June 23, 2009 judgment of the United States District Court for the Northern District of New York (McCurn, <u>J.</u>). Chen asserted various state and federal law tort claims arising out of her arrest by Syracuse police following an altercation at the Syracuse International Airport. Judgment was entered for the defendants following a jury trial. We assume the parties' familiarity with the underlying facts, the case's procedural history, and the issue presented for review.

Chen argues first that the district court should not have permitted Michael Heenan to testify as an expert because he was not properly identified pursuant to Federal Rule of Civil Procedure 26(a)(2). Any error by the district court was harmless. <u>See</u> Fed. R. Civ. P. 61. Heenan was identified pretrial as a witness (albeit not an expert) who would testify to the "use of force and the training in use of force the Defendant police officers received." Chen's thorough cross-examination of Heenan confirms that she was neither surprised nor unprepared.

Chen next argues that the district court should not have allowed the rebuttal testimony of David Mirizio because he was not identified as a witness pursuant to Federal Rule of Civil Procedure 26(a)(3)(A)(i). The Rule's requirement does not apply to evidence offered "solely for impeachment," Fed. R. Civ. P. 26(a)(3)(A), and Mirizio testified only for the purpose of impeaching Chen's testimony about the November 15th incident. <u>Cf.</u> <u>Hammel v. Eau Galle Cheese Factory</u>, 407 F.3d 852, 869-70 (7th Cir. 2005) (allowing party to call a previously undisclosed rebuttal witness for impeachment purposes). Indeed, it was not until trial that Chen testified to the date of the November 15th incident.

Third, Chen challenges the jury selection. She has failed, however, to provide either a transcript of the jury selection (she claims none was made), or a "statement of the . . . proceedings" as permitted by Federal Rule of Appellate Procedure 10(c). Absent any record or report of the proceedings challenged, it is impossible for us to ascertain and review the rulings at issue. The argument is accordingly forfeited. See, e.g., Bogan v. City of Boston, 489 F.3d 417, 425 (1st Cir. 2007).

Finally, Chen argues that the district court should have issued an adverse inference instruction to the jury because the defendants failed to produce [i] a videotape from a security camera in the Syracuse International Airport's northern terminal and [ii] video of the event taken by an unaffiliated bystander. We review the district court's decision for abuse of discretion, Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107 (2d Cir. 2002); and find none. With respect to the bystander video, Chen does not argue (let alone demonstrate) that the defendants ever "ha[d] control over the evidence," id. at 107; she argues only that they failed somehow to obtain it. And with respect to the northern terminal video, Chen has not sufficiently established "that the destroyed evidence was relevant to [her] claim . . . such that a reasonable trier of fact could find that it would support that claim." Id. at 107 (internal quotation marks omitted). John Carni testified that he declined to preserve the video because it lacked useful--i.e., relevant--images. Chen's evidence rebutted that testimony only weakly, if at all. Officers Kluge and Ware testified that there were cameras in the vicinity of the Continental ticket counter, but neither testified that any could or did videotape the counter. In fact, Officer Ware's testimony (that the closest camera had only obscured views of the counter) tended to support Carni's testimony.

Finding no merit in Chen's remaining arguments, we hereby **AFFIRM** the district court's judgment.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK